UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHELDON HENRY,                                   CASE NO.  07-60087-CV-DIMITROULEAS
                                                          (05-60055-CR-DIMITROULEAS)

      Movant,

vs.

UNITED STATES OF AMERICA,

      Respondent.
_____/

### FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE

THIS CAUSE is before the Court on Movant's (Henry) January 16, 2007 Motion To Vacate [DE-1], and the Court having reviewed the Court file, finds as follows:

1.  On March 3, 2005, Henry was indicted and charged with False Statements and Possession of a False Passport. [CR-DE-9].

2.  On May 5, 2005, Henry pled guilty to Making False Statements in an Application for a Passport. [CR-DE-21].  There was a plea agreement. [CR-DE-22].[1]  During the plea colloquy, Henry was told by the Court that the plea could result in deportation, and after Henry stated that he was not born in this country, he was told that the plea could affect his right to stay in this country or come back to this country.[2]

3.  On July 15, 2005, Henry was sentenced to time served and placed on three (3) years of supervised release. [CR-DE-26].  As a condition of supervised release, Henry was ordered that if

_____

[1]The Court has not gone to the expense of ordering a transcript of the plea colloquy, but has listened to a tape of the hearing.

[2]The plea agreement negotiated a dismissal of Count Two and ultimately resulted in a time served sentence.  See U.S. v. Kurti, 427 F. 3d 159, 163 (2d Cir. 2005).

he was deported he was not to re-enter this country without the express written permission of the Undersecretary for Border and Transportation Security.  He was also instructed on other conditions if he were deported.  When Henry did not appeal, his conviction became final ten (10) days later.  Mederos v. U.S., 218 F. 3d 1252, 1253 (11th Cir. 2000).

4.  On December 19, 2005, this court signed a Warrant for Violation of Supervised Release. [CR-DE-27].  On March 10, 2006, this court violated Henry's supervised release by finding that had driven on a suspended or revoked license. [CR-DE-38].  He was sentenced to six (6) months in jail, without any further supervised release.

5.  Henry has apparently finished serving his sentence and has had an immigration hold placed on him.  He does not satisfy the "in custody" requirement to proceed under habeas corpus or a motion to vacate.  Resendiz v. Kovensky, 416 F. 3d 952, 956 (9th Cir.) cert. denied, 126 S. Ct. 757 (2005); U.S. v. Cohen, 2006 WL 3388343 (D. Ariz. Nov. 2, 2006).

6.  His Motion to Vacate would also be time-barred as Henry waited almost eighteen (18) months after his conviction became final to file a motion.

7.  Even if timely, the record conclusively refutes Henry's allegations.  U.S. v. Regenes, 405 F. 3d 691, 694 (8th Cir. 2005).  This Court adequately informed Henry of the possible consequences of his pleading guilty: that he could be deported.[3]  Moreover, at sentencing, this

---

[3]The tape of the plea colloquy reveals the following:

| | |
|---|---|
| Court: | Do you understand that if you're not a natural born American citizen that, by pleading guilty to a crime, it can affect your citizenship rights, and it can lead to deportation or removal? |
| Mr. Henry: | Yes. |

Court added as conditions of supervised release deportation requirements.  It was only after

Henry violated supervised release and finished his sentence that he had an occasion to complain.

Henry knew about the possible deportation consequences when he intelligently pled guilty.  He

knew about the  possible consequences when he was placed on supervised release.  He only now

complains when the possible consequences have materialized.[4]

8.  Henry has not shown a "fair and just reason" for requesting a withdrawal of his guilty

plea.  U.S. v. Brehm, 442 F. 3d 1291, 1298 (11th Cir.) cert. denied, 127 S. Ct.  457 (2006).

Deportation is a collateral consequence of a guilty plea and need not be explained to a defendant

in order to insure a voluntary plea.  U.S. v. Campbell, 778 F. 2d 764, 767 (11th Cir. 1985).

Henry's allegation about positive misadvice[5] from his counsel is contradicted by the plea colloquy.

9.  A defendant should be bound by the answers that he gives to a judge during a plea

colloquy.  U.S. v. Alegria,, 192 F. 3d 179, 186 (1st Cir. 1999).  A defendant's solemn

declarations in open court carry a strong presumption of verity.  U.S. v. Lemaster, 403 F. 3d 216,

---

| Court: | Were you born in this country, Mr. Henry? |
|---|---|
| Mr. Henry: | No. |
| Court: | You understand that this plea could affect your ability to stay in this country or come back to this country? |
| Mr. Henry: | Yes. |

(omitting answers of second defendant whose change of plea was taken simultaneously with Henry's)

[4]Ironically, had Henry not violated supervised release, he might not find himself in this predicament.

[5]Such an allegation can be a basis for relief.  U.S. v. Kwan, 407 F. 3d 1005, 1015-16 (9th Cir. 2005).

221 (4th Cir. 2005).

10.  A district court is generally justified in holding a defendant to his admissions at a plea hearing.  U.S. v. Schuh, 289 F. 3d 968, 975 (7th Cir. 2002).

11.  There is no right to an evidentiary hearing so that a defendant may contradict himself under oath and violate 18 U.S.C. 1623(c).  U.S. v. Stewart, 198 F. 3d 984, 986 (7th Cir. 1999). Henry has not offered a compelling explanation for his silence when this court told him about deportation at the plea.  U.S. v. Peterson, 414 F. 3d 825, 827 (7th Cir.), cert. denied, 126 S. Ct. 592 (2005).

12.  Here, if Henry were to be believed, this Court informed him of the possibility of deportation, yet he remained silent about what his lawyer allegedly told him and continued with the guilty plea.  See U.S. v. Martinez, 169 F. 3d 1049, 1053-54 (7th Cir. 1999).  He voiced no protest at sentencing when the possibility of deportation was again mentioned.

13.  A guilty plea is a solemn act, not to be set aside easily.  U.S. v. Embrey, 250 F. 3d 1181, 1183 (8th Cir. 2001), cert. denied, 123 S. Ct. 1642 (2003).

14.  Here, Henry swore at the plea colloquy that there were no promises made to him. U.S. v. Enriquez, 205 F. 3d 345, 348 (8th Cir.) cert. denied, 121 S. Ct. 214 (2000).

15.  Additionally, he has not shown through objective evidence that a reasonable probability exists that he would have gone to trial, absent trial counsel's allegedly giving positive misadvice.  Berkey v. U.S.., 318 F. 3d 768, 772-73 (7th Cir. 2003) cert. denied, 124 S. Ct. 2194 (2004).

16.  Henry is no longer in custody on these charges so that a motion to vacate is not proper.  See U.S. v. Akkaraju, 97 Fed. Appx. 43, 44-45 (7th Cir. 2004).  The correct cause of

4

action would be in coram nobis.  U.S. v. Esogbue, 357 F. 3d 532, 534 (5th Cir. 2004).  To prevail

on a writ of coram nobis, Henry must show that the acceptance of his plea was of such a

fundamental character as to have rendered the proceedings irregular and invalid.  U.S. v. Peter,

310 F. 3d 709, 712 (11th Cir. 2002) reh'g denied, 61 Fed. Appx. 674 (11th Cir. 2003).  No such

showing has been made here.  Here, there are no sound reasons for Henry's failing to seek

appropriate relief earlier.  Esogbue, 357 F. 3d at 535.

 Wherefore, Henry's Motion to Vacate/Writ of Coram Nobis [DE-1] is Denied.

 The Reference to Magistrate [DE-2] is Withdrawn.

 The Clerk shall close this case and deny any pending motions as Moot.

 DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

26th  day of January, 2007.


           _WILLIAM P. DIMITROULEAS_
           United States District Judge


Copies furnished to:

Anne R. Schultz, AUSA
Harry Wallace, Jr., AUSA

Sheldon Henry, #A985-59-703
c/o ICE Service Processing Center 2
8915 Montan Avenue
El Paso, Texas 79925